By the Court.—Sedgwick, J.
When the defendants delivered the bond of indemnity to the sheriff, they encouraged and impliedly requested him to levy and sell the plaintiff’s property under the attachment in Brown Bufford, which had been issued, or under the execution in that action, which might thereafter be issued, and, as a necessary implication, they also requested or encouraged him to take such steps as are usually taken towards á levy or sale.
The appellants argue that it appears by the evidence that the levy of the attachment in Brown v. Bufford, was made July 3, 1869, before the bond was given; that the removal was made of the goods from the store, not under the attachment in Brown v. Bufford, but in Lovell v. Bufford; that it does not appear that any sale of the plaintiff’s goods was made under the execution in Brown v. Bufford, and that therefore the sheriff committed no trespass by the influence of the bond of indemnity.
Leaving unconsidered the defendant’s liability, if the proof showed that the sheriff, under the bond, took no step towards levying under the attachment, or for the purpose of subjecting the property to the execution, I am of opinion that there were sufficient facts in evidence to support the conclusion of the referee, that the levy of the attachment in Brown v. Bufford, was made upon the plaintiff’s property after the bond was given.
The witness says that the attachment was served July 3, 1869. A referee or jury might be sustained in construing this to mean actual levy, in certain cases. In this case, however, as the testimony showed that the only thing done, was handing a copy of the attachment *406 to the person in charge of plaintiff’s property, the-referee could properly find that no actual levy was made on July 3, 1869. The same is true of the attachment in Lowell «. Brown, served July 1, 1869. There is no-evidence of the sheriff taking or claiming that physical control of the property which is necessary to a levy, until he removed the goods after the bond of indemnity' had been delivered. Other testimony shows that this removal was in August, 1869, and the bond was given August 14,1869. These facts sustain an inference that the sheriff refrained from a levy until the bond was-given, that then he removed the goods, and that having the two attachments, towards which he held the definite duty to levy them if possible, he levied in a legal sense-both at or immediately upon the removal. It is true that the witness, immediately after he had given this-testimony, said that the goods were removed under the attachment in the action by Lowell. The referee was-bound to give due weight to this, but he was equally bound to- give weight to the evidence that the removal was under both attachments, and to decide which statement was entitled to his credence, in view of the corroborations made by the other facts of the case. On this point the referee’s report should be sustained.
The appellant’s counsel claimed the judgment should be reversed, on the ground that there was no proof that the bond of indemnity was ever delivered to the sheriff.. All the printed case contains on this subject is a statement in these words: “Plaintiff’s counsel offers in evidence the indemnity bond signed and executed by all the defendants.” It is argued that this is no proof' of delivery. I take this to be a statement of a fact that occurred on the trial, viz., that the plaintiff offered in evidence what was in deed and not in appearance the defendant’s bond. It could not be a bond without having been delivered. This objection should be disregarded.
*407 I am of opinion that the judgment should be affirmed,, with costs.
Monell, Ch. J., and Speir, J., concurred.